J-S60008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE A. COLON, | |
| Appellant | No. 3683 EDA 2015 |

Appeal from the PCRA Order November 24, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0310501-2003, CP-51-CR-0310511-2003

BEFORE:  SHOGAN, OTT, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 28, 2016**

Appellant, Jose A. Colon, appeals from the order denying his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We previously summarized the facts of the crime as follows:

> On February 19, 2003 in the area of 3300 Jasper Street in Philadelphia, an argument started between neighborhood resident Cynthia Colon and several young females.  Cynthia Colon sold drugs on the corner of Jasper and Wensley Streets for an organization headed by Appellant and his co-defendant in the instant case, David Lopez.  The young women with whom Cynthia Colon quarreled were affiliated with a rival drug gang headed by a man known as "Flacco."  Flacco wanted to expand territory onto the corner controlled by Appellant and co-defendant.

---

[*]  Retired Senior Judge assigned to the Superior Court.

Several hours after the altercation, Cynthia Colon was accosted by Earnest Barker, an associate of Flacco's. Cynthia Colon's uncle, Edwin Colon, came outside and began to fight with Ernest Barker. A crowd that included partisans of both gangs gathered to watch the fight. Appellant, co-defendant, and an unidentified black male arrived at the scene. As Edwin Colon gained the upper hand in the fight, co-defendant passed the unidentified black male a gun and told him to shoot Ernest Barker.

Affiliates of both gangs drew weapons. Shots were fired. Co-defendant told Appellant to "shoot, shoot." Appellant retrieved a loaded AK-47 assault rifle he had concealed under a nearby truck and began shooting. As the crowd scattered, bystander Angel Rodriquez was shot in the back. Ernest Barker was shot in the leg. Ernest Barker survived his wound, but Angel Rodriquez died shortly after the shooting.

On March 23, 2004, the joint jury trial of Appellant and co-defendant commenced before the trial court. At trial three witnesses testified to the same material facts contained herein. The jury was charged concerning self-defense, transferred intent, and mistaken belief of right to self-defense including heat of passion voluntary manslaughter.

*Commonwealth v. Colon*, 883 A.2d 686 (Pa. Super. filed July 20, 2005)

(unpublished memorandum at 1–2).

The PCRA court described the procedural history as follows:

On March 30, 2004, following a jury trial, Petitioner was convicted of voluntary manslaughter, violations of the Uniform Firearms Act ("VUFA"), possessing an instrument of crime ("PIC"), recklessly endangering another person ("REAP"), and aggravated assault. On June 18, 2004, Petitioner was sentenced to an aggregate term of twenty to forty years' imprisonment. On July 20, 2005, following a direct appeal, the Superior Court affirmed in part, vacated in part, and remanded for resentencing

on the PIC conviction.[2]  The Pennsylvania Supreme Court denied *allocatur* on December 28, 2005.[3]  On March 9, 2006, the lower court reimposed its sentence on the PIC charge.

> [2]  *Commonwealth v. Colon*, 883 A.2d 686 (Pa. Super. 2005)(unpublished memorandum).
>
> [3]  *Commonwealth v. Colon*, 891 A.2d 729 (Pa. 2005).

On June 14, 2006, Petitioner filed his first timely *pro se* PCRA petition.  Appointed counsel subsequently filed a *Turner/Finley*[4] no-merit letter on November 20, 2007.  On January 15, 2008, the PCRA court denied his petition.  On February 9, 2009, the Superior Court affirmed the dismissal.[5]  The Pennsylvania Supreme Court denied *allocatur* on September 1, 2009.[6]

> [4]  *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988)(*en banc*).
>
> [5]  *Commonwealth v. Colon*, 970 A.2d 465 (Pa. Super. 2009)(unpublished memorandum).
>
> [6]  *Commonwealth v. Colon*, 983 A.2d 726 (Pa. 2009).

On June 18, 2015, Petitioner filed the instant *pro se* PCRA petition, his second.  Pursuant to Pennsylvania Rule of Criminal Procedure 907, Petitioner was served notice of the lower court's intention to dismiss his petition on October 13, 2015.  On November 24, 2015, the PCRA court dismissed his petition as untimely.  On December 8, 2015, the instant notice of appeal was timely filed to the Superior Court.

PCRA Court Opinion, 1/7/16, at 1–2.

Appellant purports to raise the following issue on appeal:

As the Pennsylvania Superior and Supreme Courts have found section 9712 to be facially unconstitutional in its entirety, is the Appellant entitled to relief from his illegal sentence as the statute

has been unconstitutional from the date of its passage and ineffective for any purpose?

Appellant's Brief at 5 (full capitalization omitted).

"In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error." *Commonwealth v. Matias*, 63 A.3d 807, 810 (Pa. Super. 2013) (citing *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009)). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014). "There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008) (quoting *Commonwealth v. Barbosa*, 819 A.2d 81 (Pa. Super. 2003)). "[S]uch a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015).

The timeliness of a PCRA petition is a jurisdictional threshold that may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. *Commonwealth v. Cintora*, 69 A.3d 759, 762 (Pa. Super. 2013). "We have repeatedly stated it is the [petitioner's]

burden to allege and prove that one of the timeliness exceptions applies. *See*, *e.g.*, *Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999). Whether [a petitioner] has carried his burden is a threshold inquiry prior to considering the merits of any claim." *Commonwealth v. Edmiston*, 65 A.3d 339, 346 (Pa. 2013).

In order to be considered timely, a first, or any subsequent PCRA petition, must be filed within one year of the date the petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

As noted, Appellant was resentenced on March 9, 2006, and he did not file a direct appeal following re-imposition of sentence. Thus, Appellant's judgment of sentence became final on April 10, 2006,[1] thirty days after the time expired for Appellant to file a direct appeal to this Court. 42 Pa.C.S. § 9545(b)(3). Pursuant to the PCRA, Appellant had one year, or until April 10, 2007, in which to file a timely PCRA petition. Thus, Appellant's

---

[1] The thirtieth day fell on April 8, 2006, which was a Saturday. Whenever the last day of any period referenced in a statute falls on a Saturday or Sunday, we omit that day from the computation. 1 Pa.C.S. § 1908.

second PCRA petition is patently untimely as it was not filed until June 18, 2015.

Nevertheless, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2]  "That burden necessarily entails an acknowledgment by the petitioner that the PCRA petition under review is untimely but that one or more of the exceptions apply." **Beasley**, 741 A.2d at 1261.  "However, the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented." **Commonwealth v. Walters**, 135 A.3d 589, 592 (Pa. Super. 2016) (citing **Commonwealth v. Leggett**, 16

_____

[2] The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

A.3d 1144, 1146 (Pa. Super. 2011), and 42 Pa.C.S. § 9545(b)(2)). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). **Commonwealth v. Carr**, 768 A.2d 1164, 1167 (Pa. Super. 2001).

The PCRA court appropriately and succinctly addressed Appellant's issue as follows:

> [Appellant's] instant petition challenged the legality of his sentence in light of *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014).[7] *See* PCRA petition at 5 (unpaginated). . . .
>
> > [7] [Appellant] mistakenly attributed the abrogation of 42 Pa.C.S.A. §9712(a) to *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014). *Newman* however confronted the constitutionality of 42 Pa.C.S.A. § 9712.1. Nevertheless, *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014), which did address the relevant mandatory minimum section 9712(a), neither created a new constitutional right under the PCRA nor extended the retroactive application of *Alleyne v. United States*, 133 S.Ct. 2151 (2013).
>
> Rather than complying with 42 Pa.C.S.A. § 9545(b)(1), [Appellant] repudiated his obligation to establish timeliness, arguing that the time-bar is inapplicable due to the illegality of

his sentence.[8]  *See id*.at 8.  It seems [Appellant] erroneously conflated the validity of [the] mandatory minimum statute, 42 Pa.C.S.A. §9712(a), with that of the PCRA time-bar.  However, an allegation alleging that a sentence currently being served is illegal is not an exception to the PCRA court's timeliness requirement.  *Commonwealth v. Pate*, 2014 WL 10790083, at *1 (Pa. Super. 2014) (citing *Commonwealth v. Grafton*, 928 A.2d 1112, 1114 (Pa. Super. 2007) ("even claims that a sentence is illegal . . . are not beyond the jurisdictional time restrictions.")).  [Appellant's] failure to plead specifically the applicability of any of the exceptions to the time requirements of the PCRA was fatal to his petition.

> [8]  It is readily apparent that the only exception to the time requirements of the Act that could conceivably apply is the exception enumerated at § 9545(b)(1)(iii), which [Appellant] explicitly disavowed.  *See* 907 Response, 11/2/15 at 1.  Nonetheless, his petition referencing *Alleyne* was deficient in two distinct, but equally fatal ways.  Firstly, his petition failed to invoke the exception within sixty days of the date the claim could have been presented, namely June 17, 2013, the date the United States Supreme Court decided *Alleyne*.  His petition was not filed until 2015, well beyond the sixty-day mandate.  Secondly, in the recent decision *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014), the Superior Court concluded that "even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final."

PCRA Court Opinion, 1/7/16, at 3–4.[3]

_____

[3]  Moreover, our Supreme Court recently held that "***Alleyne*** does not apply retroactively to cases pending on collateral review." ***Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016).

Therefore, because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/28/2016